## Case No. 1,981.

### In re BROWN.

[15 N. B. R. (1877) 416;[1] 9 Chi. Leg. News, 191.]

#### District Court, D. Colorado.

BANKRUPTCY—COMMENCEMENT OF PROCEEDINGS—FILING PROOF OF ACT OF BANKRUPTCY.

An omission to file proof of an act of bankruptcy is substantial and cannot be remedied.

[In bankruptcy. Petition to have John Brown declared an involuntary bankrupt. Dismissed.]

## Case No. 1,982.

### In re BROWN.

[19 N. B. R. 270.][1]

#### District Court, S. D. New York. April 28, 1879.

BANKRUPTCY—PROCEEDINGS IN DIFFERENT DISTRICTS.

The bankrupt resided in this state, but did business in New Jersey. On the 27th of July, 1878, a creditor's petition was filed in the district of New Jersey. The proceedings were contested, reference had, and much testimony taken, and on or about March 1, 1879, an order of adjudication was entered. On August 31, 1878, the day the bankrupt law expired, a creditor's petition was also filed in this district, and an order to show cause issued, returnable October 5, 1878. This order was not served, and on the 5th of Feb., 1879, a new order was issued returnable Feb. 15, 1879. On the return day of the latter order, an order of adjudication was entered by consent. It appeared that the case was n·· put upon the calendar for Feb. 15, 1879, and that the attorney for creditors in the New Jersey case was thereby prevented from appearing to oppose an adjudication. On the 4th of March, 1879, the bankrupt procured an order staying all proceedings in the New Jersey case. *Held*, that the provisions of general order No. 16 did not apply; and that, under the circumstances, the adjudication in this case should be set aside and all proceedings stayed pending the proceedings in the district of New Jersey.

[In bankruptcy. In the matter of Daniel G. Brown. Petition to vacate proceedings. Granted.]

W. B. Putney, for petitioners.

I. N. Wilcoxsen, for bankrupt and others.

CHOATE, District Judge. This is a petition of several creditors of the bankrupt, to set aside the adjudication and stay the proceedings on the creditor's petition therefor, on the ground that prior to the filing of the creditor's petition in this court a petition was filed in the district of New Jersey, which had proceeded to a hearing, and that the order of adjudication entered in this court was entered by the bankrupt and the petitioning creditors with intent to defeat the proceedings of those creditors who were petitioning creditors in the New Jersey case, and that the order of adjudication in this court was entered irregularly or in so unusual a manner that these petitioners had in fact no opportunity to appear and suggest to the court the pendency of the case in New Jersey as a ground for staying the proceedings in this court.

The facts, which are not disputed, are that the bankrupt resided at Newburg in this district, and did business in the district of New Jersey; that on the 27th of July, 1878, a creditor's petition was filed in the district of New Jersey; that an order to

---

[1] [Reprinted from 15 N. B. R. 416, by permission.]

[1] [Reprinted by permission.]

show cause issued thereon, which was returnable on or about August 19, 1878; that the alleged bankrupt was served therewith and appeared in said proceeding, and resisted the adjudication, and thereupon said court proceeded to hear and determine the cause. Questions of fact in respect to the rights of the petitioning creditors to maintain said proceedings as creditors, and in respect to the truth of the alleged acts of bankruptcy, arose in the course of said hearing, on which references were had and much testimony was taken; and on or about March 1, 1879, the matter having been brought on for a hearing before said court, a decision was made in favor of the petitioning creditors, and the bankrupt was adjudicated on the 4th of March, 1879; and after all these proceedings, and the order of adjudication, on the suggestion of the bankrupt that a prior adjudication had been made in this district, all further proceedings were stayed until the petitioning creditors in that proceeding had an opportunity to move this court to set aside its order of adjudication.

The facts in relation to the proceedings in this court are as follows: August 31, 1878, the day the bankrupt law expired, certain other creditors or alleged creditors of the bankrupt filed a petition against him in this district. An order to show cause was issued thereon, returnable October 5, 1878, but at the return day, no service having been made, there was no appearance for the bankrupt. On the 5th of February, 1879, an alias order to show cause was issued, returnable on the 15th of February. This was not served until February 13, 1879. The petitioning creditors neglected to put the case on the calendar, and it never appeared in the calendar of this court after October 5, 1878. But on the return day the petitioning creditors and the bankrupt appeared, and the bankrupt then subscribed and swore to an admission of service of the order to show cause on him on the 8th of February, and no one appearing to object, and the bankrupt consenting, the order of adjudication was entered. At that time the proceedings in New Jersey were very nearly approaching a final determination on the question of adjudication, as the petitioning creditors in the proceeding in this court and the bankrupt well knew. The attorney of the petitioning creditors in the New Jersey case learned of the filing of the petition in this district, and was prepared to intervene in their behalf on the return day of the original order to show cause, and move a stay of proceedings on account of the pendency of the proceedings in New Jersey; and no action being taken under that order to show cause, he kept watch on the calendar of this court, relying on the usual order of proceeding in that class of cases, in accordance with which they are put on a calendar made up by the clerk before they are called on the return day. In consequence of the case not going

upon the calendar, he had no knowledge of the order of adjudication till after it was entered, and he now moves, on behalf of his clients, the petitioning creditors in the New Jersey case, to vacate the order and to stay the proceedings pending the case in New Jersey.

The stay of proceedings granted on the application of the bankrupt in the New Jersey case, and which will, if maintained, render nugatory all the proceedings and the long and expensive trial had therein, and also deprive these petitioners of any benefit of their earlier petition in that district, provided this court goes on to administer the estate, is in accordance with general order No. 16, which provides that "the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed." These petitioners, therefore, had a clear right to intervene and procure a stay of adjudication here, if entitled on the facts to such a stay, because they had a special interest which would be affected and impaired by an adjudication. If they had appeared on the return of the order to show cause, they would have been heard to object to the adjudication. It is equally clear that upon their suggestion of the facts now appearing and not disputed, a stay would have been granted pending the determination of the hearing before the district court of New Jersey. Independently of any rules specially regulating these proceedings, it would have been unseemly and improper for this court to proceed in the case till such determination; the court in New Jersey having undoubted jurisdiction, and having proceeded, with the concurrence of all the parties to this proceeding, to hear and determine the cause, the result of which might be and was intended by the moving parties to be the sequestration of the estate of the bankrupt for the benefit of his creditors, under the supervision and direction of that court.

The 16th general order provides that "in case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be in the district in which the debtor has his domicile, and such petition may be amended by inserting an allegation of an act of bankruptcy committed at an earlier date than that first alleged, if such earlier act is charged in either of the earlier petitions." In this case a hearing was had in the New Jersey case before the petition in this district was filed. And this general order does not admit of a construction which would permit the parties to this proceeding, after suffering the case in New Jersey to go on without objection for many months, now to insist that the proceeding in this court shall take precedence of that. It appears that the petition in this district was filed with the concurrence of the bankrupt, and that for some reason, while violently opposing an adjudication there, he

was quite willing to have one here. If he had claimed his privilege in time under this petition, or had filed a voluntary petition in this district as soon as he knew of the petition in New Jersey, he might claim the benefit of the general order giving him a preference to be adjudicated in the district where he was domiciled. But it may be doubted whether general order No. 16 would or could apply where any substantial injustice would be done to the petitioning creditors in the earlier petition by reason of the petition by or against the bankrupt in the district of his domicile being later in time. In the present case the district court of New Jersey has actually had in its custody for many months the bankrupt's estate, seized under a provisional warrant. The virtual abandonment of that proceeding, and the prevention of this one, would involve the parties in great loss and expense, and the rehearing of questions there raised and litigated. I have no hesitation in holding that the proceedings in this case should have been stayed, and that the case in New Jersey should be allowed to proceed unembarrassed by the order of adjudication of this court.

It is said, however, that the motion of the petitioning creditors in the proceeding here was entirely proper, and that they doubted whether the proceedings in New Jersey could be sustained; that they believed, and now believe, that that proceedings will be finally dismissed upon a review of the order of the district judge in the circuit court, assuming that the motive for filing the creditor's petition here was, as stated, to secure the adjudication of bankruptcy of their debtor, even if the proceedings in New Jersey were finally decided in the bankrupt's favor—which motive I find no occasion to question; yet while that motive fully justifies the filing of the petition, it does not at all affect the question whether proceedings in this case should be stayed, especially after the petitioning creditors have apparently, by their inaction in this case, proceeded on the theory that the case here was to be kept in reserve till the case in New Jersey should fail. The setting aside of the adjudication will not imperil or affect any proper use that the petitioning creditors intended to make of this proceeding against the alleged bankrupt. If, on review, the decision of the district judge shall be reversed, and the original petition in that court shall be dismissed, they will be then free to go on with this case. Meanwhile this court cannot but assume that the decision of the district court of New Jersey is correct.

Regarding this as an application to open a default and let the petitioners in to oppose the adjudication on grounds which, if they had appeared on the return day, they would have been entitled to urge, the petitioners are in no fault for not appearing. While the proceedings upon the return day are not irregular, these petitioners used due diligence in the accustomed mode of proceeding; there was no laches or negligence on their part. The course of the petitioning creditors and the bankrupt was such as to throw them off their guard, and deprive them of their opportunity to be heard. Whether this was intentional or unintentional is immaterial, and the petitioners are clearly entitled to come in and have the default opened, and to stand in the same position as if they had appeared on the return day. Since the adjudication in this court, nothing further has been done in the cause, and no party will be injured by opening the decree, and the application has certainly been made with all proper diligence. Motion granted vacating adjudication, and staying all proceedings pending the proceedings in the district court of New Jersey.